UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

SONNY AUSTIN RAMDEO,

    Petitioner,

v.                                      Case No. 5:17-cv-503-Oc-34PRL

WARDEN, FCC COLEMAN - LOW,

    Respondent.
_____

## ORDER

### I. Status

Petitioner Sonny Ramdeo, an inmate of the Federal penal system, initiated this action on October 19, 2017,[1] by filing a pro se complaint (Doc. 1). On November 3, 2017, the Court directed Ramdeo to file an amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 using the court-approved form. See Doc. 5. Ramdeo responded by filing an Amended Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Amended Petition; Doc. 11). In the Amended Petition, Ramdeo challenges a 2017 disciplinary hearing and the resulting punishment. Ramdeo raises three ground for relief. See Amended Petition at 6-18.[2] Respondent has submitted a memorandum in opposition to the Amended Petition. See Response to Petition for Writ of Habeas Corpus (Response; Doc. 14) with exhibits (Resp. Ex.) and Supplemental Exhibits (Doc. 17-1; Resp. Supp.

---

[1] See Houston v. Lack, 487 U.S. 266, 276 (1988) (mailbox rule).
[2] For purposes of reference, the Court will cite the page number assigned by the Court's electronic docketing system.

Ex.). On April 9, 2019, Ramdeo filed a brief in reply. See Petitioner's Reply to the Respondent's Opposition (Reply; Doc. 14.). This case is ripe for review.

## II. Procedural History

On July 9, 2015, the United States District Court Southern District of Florida sentenced Ramdeo to a term of incarceration of 240 months in prison for the crimes of wire fraud and money laundering. Resp. Ex. 1. On May 23, 2017, Ramdeo, while in prison, filed Administrative Remedy 902896-F1 at the institutional level requesting to remain in his unit during sanitation hours. Resp. Supp. Ex. A. The remedy was rejected because Ramdeo did not submit his request through a counselor or submit an informal resolution form prior to submitting a request for Administrative Remedy. Id.

On May 31, 2017, prison staff received Administrative Remedy 902896-F1, Informal Resolution, and supporting paperwork from Ramdeo via institutional mail. Resp. Ex. 2. Staff reviewed the Informal Resolution form Ramdeo submitted and discovered the form contained inaccurate information and that Ramdeo had forged portions of the form purported to be completed by Counselor Nowicki. Id. Prison officials charged Ramdeo with counterfeiting or forging any documentation, article of identification, money, or official paper. Id. Prison officials prepared an Incident Report, number 2994417, detailing these charges on June 2, 2017, and delivered a copy of that report to Ramdeo on the same day. Id.

On June 2, 2017, Prison officials began a formal investigation. After advising Ramdeo of his right to remain silent, an investigator interviewed Ramdeo concerning the allegations, and Ramdeo stated that, "Yes, I filled out that form, Counselor Nowicki did not fill in any part of it." Id. Based on Ramdeo's statement and other evidence, the

investigator determined the charge to be valid and referred the incident report to the Unit Discipline Committee (UDC) for further action. Id. The UDC held a hearing on June 7, 2017, at which Ramdeo made the following comment:

> I received a rejection notice on 5-24-2017 that stated I needed to submit an informal resolution. The informal resolution form was completed with the facts, there was no forging because I was following the instructions on the rejection notice. Counselor Nowicki delivered the BP9 on 5-23-2107, which should not have been rejected in the first place.

Id. At the conclusion of the hearing, the UDC found that Ramdeo committed the prohibited act as charged and advised Ramdeo of its finding and the right to file an appeal within twenty calendar days. Id. As a sanction, Ramdeo lost commissary access and email privileges for thirty days. Id. Ramdeo did not submit an appeal within the allotted twenty-day period.

On July 25, 2017, Ramdeo filed Administrative Remedy 910066-F1, at the institutional level requesting the Incident Report be expunged due to staff misconduct. Resp. Ex. 3. Prison officials rejected as untimely Ramdeo's Administrative Remedy on July 26, 2017. Id. Ramdeo filed Administrative Remedy 910066-R1 with the Southeast Regional Office (SRO) on August 8, 2017, which also rejected it as SRO concurred with the institution's rationale for rejection of Administrative Remedy 910066-F1. Id. On September 19, 2017, Ramdeo filed Administrative Remedy 91066-A1 with the central office of the Federal Bureau of Prisons (BOP). Id. The central office rejected the Administrative Remedy for raising multiple issues and because they concurred with the SRO and institution's rejection of Administrative Remedy 910066-F1. Id. The central office advised Ramdeo that he could resubmit his Administrative Remedy at the institutional level if staff provided a memo stating late filing was not his fault. Id. Ramdeo

3

did not file any additional Administrative Remedies regarding Incident Report number 2994417. Id.

## III. Governing Legal Principles

### A. Standard of Review

Prison disciplinary proceedings are not part of a criminal prosecution, and, therefore, the full panoply of rights that are due a defendant in a criminal proceeding do not apply in prison disciplinary proceedings. See Wolff v. McDonnell, 418 U.S. 539, 556, 94 S. Ct. 2963, 2975 (1974). However, inmates are entitled to some due process protections. Id. Those protections include: (1) written notice of the charges at least 24 hours before a hearing to enable the inmate to prepare a defense; (2) an opportunity to call witnesses and present documentary evidence if doing so is not an undue hazard to institutional safety; and (3) a written explanation of the evidence relied on and reasons for disciplinary actions. Id. On the other hand, an inmate does not have a right to confrontation and cross-examination, or a right to counsel. Id. at 567, 570.

Additionally, disciplinary decisions comport with the requirements of procedural due process when there is "some evidence" to support the disciplinary decision by the fact finder. Superintendent, Mass. Corr. Institution v. Hill, 472 U.S. 445 (1985). In other words, the relevant question is whether "any evidence" supports the conclusion reached by the prison officials. Id. at 455-56; Young v. Jones, 37 F.3d 1347, 1460 (11th Cir. 1994). Notably, the scope of this Court's review of prison disciplinary actions is limited. Hill, U.S. at 455-56; Young, 37 F.3d at 1460. It does not require an examination of the "entire record" or reweighing the evidence. Hill, 472 U.S. at 455-56. "The clear implication of Hill

4

is that courts are not to conduct exhaustive reviews of findings of prison disciplinary panels." O'Bryant v. Finch, 637 F.3d 1207, 1214 (11thCir. 2011).

## B. BOC Disciplinary Proceedings

Prison officials "implement disciplinary proceedings that may, at most, change the conditions of the inmates' confinement for purposes of maintaining institutional order and encouraging compliance with prison rules." U.S. v. Mayes, 158 F.3d 1215, 1224 (11th Cir. 1998). In this regard, prison staff may write an Incident Report "when staff witness or reasonably believe" that an inmate committed a prohibited act. 28 C.F.R. § 541.5(a). An investigation then begins and the inmate must be given a written Incident Report. 28 C.F.R. § 541.5(b). The investigator also must inform the inmate of his or her rights. Id.

Once the investigation is complete, the UDC reviews the Incident Report at which time the inmate is permitted to appear before the UDC. 28 C.F.R. § 541.7. "The UDC's decision will be based on at least some facts and, if there is conflicting evidence, on the greater weight of the evidence." 28 C.F.R. § 541.7 (e). If the matter is referred to a Discipline Hearing Officer (DHO), the UDC advises the inmate of his rights at the DHO hearing. 28 C.F.R. § 541.7(g).

At the DHO hearing, the inmate is permitted to be represented by staff and to request witnesses to appear to testify on the inmate's behalf. 28 C.F.R. § 541.8. The DHO considers all evidence presented and the decision must "be based on at least some facts and, if there is conflicting evidence, on the greater weight of the evidence." 28 C.F.R. § 541.8(f). The DHO is required to provide written findings explaining the basis for the disciplinary action and the inmate's right to appeal. Wolff v. McDonnell, 418 U.S. 539 (1974) (outlining specific hearing procedures to satisfy standards of procedural due

process in prison setting); 28 C.F.R. § 541.8(h), (i). An inmate may appeal the DHO's actions through the Administrative Remedy Program. 28 C.F.R. § 541.8(i).

### C. Exhaustion of BOP Administrative Remedies

There are prerequisites to federal habeas review. While exhaustion of administrative remedies is not a jurisdictional requirement in § 2241 proceedings, a petitioner seeking habeas relief is still subject to the administrative exhaustion requirements. Santiago-Lugo v. Warden, 785 F.3d 467, 474-75 (11th Cir. 2015). Indeed, courts cannot "disregard a failure to exhaust . . . if the respondent properly asserts the defense." Id. at 475.

In order for a petitioner to properly exhaust a claim under § 2241, the inmate must follow the BOP procedures regarding Administrative Remedies. See Davis v. Warden, FCC Coleman-USP I, 661 F. App'x 561, 562 (11th Cir. 2016). The BOP Administrative Remedy Program allows an inmate to seek formal review of an issue relating to any aspect of his or her confinement. 28 C.F.R. § 542.10(a). Prior to submitting a Request for Administrative Remedy, an inmate must first informally present the issue to institutional staff to attempt to informally resolve the issue. 28 C.F.R. § 542.13(a). Thereafter, the inmate may submit an Administrative Remedy Request. The completion of the informal resolution process and submission of a formal written Administrative Remedy Request must be accomplished within twenty calendar days following the date on which the basis for the Administrative Remedy Request occurred. 28 C.F.R. § 542.14(a).

An inmate may appeal a Warden's response to an Administrative Remedy Request to the appropriate Regional Director within twenty days of the date the Warden signed the response. 28 C.F.R. § 542.15(a). If the inmate seeks to appeal the Regional Director's

6

decision, the inmate must submit an appeal to the General Counsel within thirty days of the date the Regional Director signed the response. Id. "Appeal to the General Counsel is the final administrative appeal." Id. Notably, "a Request or Appeal is considered filed on the date it is logged into the Administrative Remedy Index as received." 28 C.F.R. § 542.18.

### IV. Findings of Fact and Conclusions of Law

In the Amended Petition, Ramdeo raises three grounds for relief challenging Incident Report Number 2994417: (1) Respondent denied him procedural due process when prison staff misconduct resulted in the denial of his access to the Administrative Remedy Program to seek review of his disciplinary proceeding, Amended Petition at 6-7, 15-16; (2) Ramdeo seeks declaratory judgment that "submit" or "submission" as utilized in the Federal Code of Regulations section regarding the Administrative Remedy Program mean "the date it is placed in prison official's hands and or the date it is placed in the prison mailbox system," id. at 7, 17; and (3) Ramdeo requests injunctive relief enjoining Respondent from continuing a pattern of allegedly unlawful conduct. Id. Respondent contends that Ramdeo failed to properly exhaust these claims and, even if exhausted, they are not cognizable in a petition for writ of habeas corpus under § 2241 because the claims do not alter the fact or duration of his confinement. Response at 3-6.

### A. Exhaustion

The UDC rendered its final decision regarding Incident Report Number 2994417 on June 7, 2017. Resp. Ex. 2. Ramdeo had twenty days to appeal this decision. See 28 C.F.R. § 542.14(a). He did not do so. On July 25, 2017, more than twenty days after the UDC rendered its decision, Ramdeo filed Administrative Remedy 910066-F1, in which he

alleged, as he does in his Amended Petition, staff misconduct regarding Incident Report Number 2994417. Resp. Ex. 3. The institution rejected Ramdeo's Administrative Remedy request as untimely and his subsequent appeals were unsuccessful. Id. Based on this record, Ramdeo failed to timely file an Administrative Remedy Request and, therefore, he failed to properly exhaust his claims concerning Incident Report Number 2994417. Accordingly, the claim in Amended Petition is due to be denied as unexhausted.

### B. Cognizability of Ramdeo's Claims

A petition for writ of habeas corpus "traditionally 'has been accepted as the specific instrument to obtain release from [unlawful] confinement.'" Wilkinson v. Dotson, 544 U.S. 74, 79 (2005) (quoting Preiser v. Rodriguez, 411 U.S. 475, 487 (1973)). A petition for writ of habeas corpus is not the appropriate vehicle in which to challenge prison conditions. See Heck v. Humphrey, 512 U.S. 477 (1994) (defining the core of habeas corpus as challenges to the fact, duration, or nature of confinement). Rather, a civil rights complaint is the appropriate course of relief for a prisoner "who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody." Preiser, 411 U.S. at 499; see also Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971).

Concerning his claim in Ground One regarding lack of procedural due process during Administrative Remedy proceedings, the record reflects that Respondent did not take away gain time, instead only taking away privileges regarding access to the commissary and to email. Therefore, Ramdeo's claim in Ground One does not challenge the fact, duration, or nature of his confinement. Likewise, Ramdeo's claims for declaratory judgment and injunctive relief are not cognizable in a § 2241 habeas proceeding as they

8

would not change the fact, duration, or nature of his confinement. As such, Ramdeo's claims for relief in the Amended Petition are not cognizable under § 2241. See Wilkinson, 544 U.S. at 79; Heck, 512 U.S. 477; see also Tejeda v. Johns, No. 5:15-CV-2, 2016 WL 3546379, at *3 (S.D. Ga. June 23, 2016), report and recommendation adopted, No. 5:15-CV-2, 2016 WL 3963931 (S.D. Ga. July 19, 2016) (concluding Tejeda could not proceed under § 2241 because the alleged loss of commissary and phone privileges was a challenge to the conditions of Tejeda's confinement, not to the fact or duration of that confinement). To the extent Ramdeo objects to the conditions of his confinement, his avenue for relief is through the filing of a civil rights complaint pursuant to Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971).[3] In light of the above, Ramdeo is not entitled to federal habeas relief on any of the claims raised in his Amended Petition.

Therefore, it is now

**ORDERED AND ADJUDGED:**

1. The Amended Petition (Doc. 11) is **DENIED**, and this action is **DISMISSED WITH PREJUDICE**.

---

[3] The Court notes that Bivens claims raised in Florida Federal District Courts are subject to a four-year statute of limitations. See Moore v. Federal Bureau of Prisons, 553 F. App'x 888, 890 (11th Cir. 2014). As the alleged misconduct occurred in 2017, Ramdeo still has sufficient time to file a civil rights complaint should he choose.

2. The Clerk of the Court shall enter judgment denying the Amended Petition and dismissing this case with prejudice, close this case, and terminate any pending motions.

**DONE AND ORDERED** in Chambers, this 23rd day of December, 2019.

MARCIA MORALES HOWARD
United States District Judge

Jax-8
C:
Sonny Austin Ramdeo #80568-053
counsel of record