UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

SONNY AUSTIN RAMDEO,

        Petitioner,

v.                                        Case No. 5:17-cv-503-Oc-34PRL

WARDEN, FCC SOLEMAN - LOW,

        Respondent.
_____

## ORDER

Petitioner Sonny Ramdeo, an inmate of the Federal penal system, initiated this action on October 19, 2017,[1] by filing a pro se complaint (Doc. 1). On November 3, 2017, the Court directed Ramdeo to file a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 using the court-approved form. See Doc. 5. Ramdeo responded by filing the Amended Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Amended Petition; Doc. 11). The Court denied the Amended Petition on December 23, 2019. See Order (Order; Doc. 22). Before the Court is Ramdeo's pro se "Motion for Reconsideration and Construe Pleading as Plead of Court's Order" (Motion; Doc. 24), filed on January 13, 2020. The Court will construe the Motion as if filed pursuant to Federal Rule of Civil Procedure 59(e).[2] Respondent has filed a response, see Response to Motion for

---

[1] See Houston v. Lack, 487 U.S. 266, 276 (1988) (mailbox rule).

[2] Ramdeo does not cite to the Federal Rules of Civil Procedure in his Motion and Ramdeo uses language that could be construed as invoking either Federal Rule of Civil Procedure 59(e) or 60(b). However, "[a] 'significantly higher' standard is generally used to decide whether a movant is entitled to relief under Rule 60(b)." Holland v. Tucker, No. 06-CIV-20182, 2012 WL 2412115, at *2 n.1 (S.D. Fla. June 26, 2012) (quoting Vanderberg v. Donaldson, 259 F.3d 1321, 1326 (11th Cir. 2001)). Therefore, if Ramdeo

Reconsideration (Response; Doc. 26), with exhibits (Resp. Ex.). Ramdeo filed two reply briefs. See Petitioner's Reply to Response to Motion for Reconsideration (Reply; Doc. 27); Supplemental Authority (Supp. Reply; Doc. 28).

A motion to alter or amend a judgment may be filed pursuant to Rule 59(e). Rule 59(e) affords the Court discretion to reconsider an order which it has entered. See Mincey v. Head, 206 F.3d 1106, 1137 (11th Cir. 2000); O'Neal v. Kennamer, 958 F.2d 1044, 1047 (11th Cir. 1992). "The only grounds for granting a Rule 59 motion are newly[] discovered evidence or manifest errors of law or fact." Arthur v. King, 500 F.3d 1335, 1343 (11th Cir. 2007) (quotations and citations omitted). This Court has interpreted those parameters to include "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice." Lamar Advertising of Mobile, Inc. v. City of Lakeland, Fla., 189 F.R.D. 480, 489 (M.D. Fla. 1999). The purpose of Rule 59 is not to ask the Court to reexamine an unfavorable ruling in the absence of a manifest error of law or fact. Jacobs v. Tempur-Pedic Int'l., Inc., 626 F.3d 1327, 1344 (11th Cir. 2010). As such, Rule 59(e) cannot be used "to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." Michael Linet, Inc. v. Village of Wellington, Fla., 408 F.3d 757, 763 (11th Cir. 2005); see also O'Neal, 958 F.2d at 1047.

In the Motion, Ramdeo argues that the Court mischaracterized his claim as raised in the Amended Petition as a challenge to a prisoner discipline hearing, when the issue raised was actually "whether the BOP's[3] interpretation that his filing is untimely is

---

is not entitled to relief under Rule 59(e), he is also not entitled to relief under Rule 60(b), and the Court need not address his arguments under Rule 60(b) separately.
    [3] Federal Bureau of Prisons (BOP).

2

consistent with federal regulations." Motion at 1. Specifically, he contends that the BOP's determination that his appeal of a ruling by the Unit Discipline Committee (UDC) was untimely is inconsistent with 28 C.F.R. 542.10. Id. at 2. Ramdeo asserts that he "filed his appeal to the UDC proceeding on June 14, 2017 which the staff filed under remedy ID 902896-F3 instead of issuing a new remedy ID for the UDC appeal proceeding." Id. Ramdeo maintains that prison officials willfully misfiled his appeal. Id. at 3. According to Ramdeo, the Court failed to examine the facts surrounding the filing that occurred on June 14, 2017, and had the Court examined those facts, the Court would have found that prison officials at all levels of the administrative remedy process thwarted his exhaustion efforts, thus rendering administrative review of his claim unavailable. Id. at 2-5. Ramdeo argues that "[t]he BOP's interpretation that petitioner's appeal was filed untimely is in violation of law, otherwise arbitrary and capricious, and should be set aside under Ross v. Blake, 136 S. Ct. 1850,"[4] because prison official misconduct rendered administrative remedies unavailable. Id. at 6. As relief, Ramdeo requests the Court set aside the BOP's determination that his appeal was untimely and order them to accept his appeal as timely filed.

Respondent asserts that the June 14, 2017 filing Ramdeo submitted was lengthy and unclear because he raised allegations concerning a prior administrative remedy, Administrative Remedy 902896, as well as the disciplinary hearing underpinning the claims here. Response at 2. According to Respondent, "[i]t appears the remedy may have been assigned the number of the previous remedy due to the way the remedy was written and the remedy clerk believing it was still dealing with his original issue." Id. Respondent

---

[4] Ross v. Blake, 136 S. Ct. 1850 (2016).

3

notes that the June 14, 2017 administrative remedy request was denied the same day, but "instead of resubmitting the remedy as soon as he received the rejection, explaining his remedy was assigned the wrong number and he was intending to appeal his UDC hearing, Petitioner filed the remedy with the Southeast Regional Office, twice, in remedy nos. 902896-R2, R3, which were also rejected." Id. Nevertheless, Respondent contends that the Court properly denied the Amended Petition because Ramdeo's claims do not impact the fact or duration of Ramdeo's sentence and, therefore, are not cognizable in a petition for writ of habeas corpus. Id. at 2-3.

Ramdeo "believes his issue is cognizable under 28 U.S.C. § 2241 as he is in custody in violation of [the] Constitution and the agency action is impacting the manner in which his sentence is being executed." Reply at 3. Moreover, he maintains that prison officials often use incident reports to deny inmates access to rehabilitative programs that can lead to early release. Id. According to Ramdeo, his claim is cognizable because he challenges the BOP's conduct that conflicted with its own policies and federal regulations. Supp. Reply at 2. He specifically maintains in his Supplemental Reply that this matter does not require civil rights litigation. Id.

In the Order, the Court reviewed the procedural history of this case, explaining:

> On May 23, 2017, Ramdeo, while in prison, filed Administrative Remedy 902896-F1 at the institutional level requesting to remain in his unit during sanitation hours. Resp. Supp. Ex. A. The remedy was rejected because Ramdeo did not submit his request through a counselor or submit an informal resolution form prior to submitting a request for Administrative Remedy. Id.
>
> On May 31, 2017, prison staff received Administrative Remedy 902896-F1, Informal Resolution, and supporting paperwork from Ramdeo via institutional mail. Resp. Ex. 2. Staff reviewed the Informal Resolution form Ramdeo

submitted and discovered the form contained inaccurate information and that Ramdeo had forged portions of the form purported to be completed by Counselor Nowicki. Id. Prison officials charged Ramdeo with counterfeiting or forging any documentation, article of identification, money, or official paper. Id. Prison officials prepared an Incident Report, number 2994417, detailing these charges on June 2, 2017, and delivered a copy of that report to Ramdeo on the same day. Id.

On June 2, 2017, Prison officials began a formal investigation. After advising Ramdeo of his right to remain silent, an investigator interviewed Ramdeo concerning the allegations, and Ramdeo stated that, "Yes, I filled out that form, Counselor Nowicki did not fill in any part of it." Id. Based on Ramdeo's statement and other evidence, the investigator determined the charge to be valid and referred the incident report to the Unit Discipline Committee (UDC) for further action. Id. The UDC held a hearing on June 7, 2017, at which Ramdeo made the following comment:

> I received a rejection notice on 5-24-2017 that stated I needed to submit an informal resolution. The informal resolution form was completed with the facts, there was no forging because I was following the instructions on the rejection notice. Counselor Nowicki delivered the BP9 on 5-23-2107, which should not have been rejected in the first place.

Id. At the conclusion of the hearing, the UDC found that Ramdeo committed the prohibited act as charged and advised Ramdeo of its finding and the right to file an appeal within twenty calendar days. Id. As a sanction, Ramdeo lost commissary access and email privileges for thirty days. Id. Ramdeo did not submit an appeal within the allotted twenty-day period.

On July 25, 2017, Ramdeo filed Administrative Remedy 910066-F1, at the institutional level requesting the Incident Report be expunged due to staff misconduct. Resp. Ex. 3. Prison officials rejected as untimely Ramdeo's Administrative Remedy on July 26, 2017. Id. Ramdeo filed Administrative Remedy 910066-R1 with the Southeast Regional Office (SRO) on August 8, 2017, which also rejected it as SRO concurred with the institution's rationale for rejection

> of Administrative Remedy 910066-F1. Id. On September 19, 2017, Ramdeo filed Administrative Remedy 91066-A1 with the central office of the Federal Bureau of Prisons (BOP). Id. The central office rejected the Administrative Remedy for raising multiple issues and because they concurred with the SRO and institution's rejection of Administrative Remedy 910066-F1. Id. The central office advised Ramdeo that he could resubmit his Administrative Remedy at the institutional level if staff provided a memo stating late filing was not his fault. Id. Ramdeo did not file any additional Administrative Remedies regarding Incident Report number 2994417. Id.

Order at 2-4. The Court did not reference Ramdeo's June 14, 2017 request for administrative remedy in the Order.

However, Ramdeo did make allegations concerning this request for administrative remedy in his Amended Petition. Ramdeo alleged that on June 14, 2017, six days after the UDC issued its ruling finding that Ramdeo forged information on a document, he filed an appeal of the UDC's ruling. Amended Petition at 13. According to Ramdeo, R. Pollard, the person who filled out the original incident report alleging Ramdeo had forged a document, misrepresented material facts in the report. Id. Ramdeo maintains that in order to cover up Pollard's misconduct, Pollard, who also processed Ramdeo's appeal paperwork, intentionally filed his appeal from the UDC's decision as Administrative Remedy 902896-F3, the remedy number associated with Ramdeo's initial grievance concerning his request to stay in his cell during sanitation hours, and rejected it as untimely.

As the Court did not address Ramdeo's allegations concerning exhaustion as it relates to the June 14, 2017 request for administrative remedy in the Order, the Court will now re-consider the issue of exhaustion in light of Ramdeo's contentions. Respondent attached Ramdeo's June 14, 2017 inmate request for administrative remedy as part of its

6

Response. Resp. Ex. 1. In the inmate request for administrative remedy, Ramdeo discusses both his initial grievance concerning being forced to leave his cell, Administrative Remedy 902896-F1, and the incident report resulting from Ramdeo's forging of documentation in support of Administrative Remedy 902896-F1. Id. Although not a model of clarity, it appears from the context of the June 14, 2017 administrative remedy request that Ramdeo was challenging the UDC's decision regarding the incident report, explaining how that decision spawned from his original grievance relating to being allowed to stay in his cell during sanitation period. Ramdeo maintains, without evidence, that prison staff intentionally mislabeled this separate grievance. However, based on the manner in which Ramdeo wrote the request, initially relying heavily on the dates and facts regarding Administrative Remedy 902896-F1, it is entirely possible prison officials simply could not discern Ramdeo's intent. Notably, the rejection notice dated June 14, 2017, reflects that the appeal was rejected as untimely, but instructed Ramdeo to submit a staff memorandum on BOP letterhead detailing the reasons why his failure to timely file his administrative remedy request was not his fault. Id.

Nevertheless, if Ramdeo thought the Warden's response to his administrative remedy request was incorrect, including that his claims were misconstrued, he was required to appeal to the appropriate regional director within twenty calendar days of the date the Warden signed the response. See 28 C.F.R. § 542.15(a). Ramdeo did, filing an appeal with the Southeast Regional Office of the BOP in Atlanta, Georgia. See Doc. 14-1 at 12. Ramdeo filed two appeals with the Southeast Regional Office regarding the denial of his June 14, 2017 administrative remedy request, Administrative Remedy Nos. 902896-R2 and 902896-R3, which were both denied. Resp. Ex. 1. However, this is not

the final stage of the review process. Pursuant to § 542.15(a), if Ramdeo was not satisfied with the result of the regional director's decision, he could have submitted an appeal to the General Counsel. This Ramdeo did not do. Ramdeo did not exhaust this claim because he did not utilize the final administrative appeal step. Even if prison officials misconstrued his claims, Ramdeo had two additional opportunities, with the regional director and the General Counsel, to raise the issue of his administrative remedy request being mislabeled and thus not properly addressed. However, he only accomplished the first step in this two-tier appeal process of decisions on administrative remedies.[5] Accordingly, even considering the procedural history of the June 14, 2017 administrative remedy request, Ramdeo did not exhaust this claim.

In any event, regardless of the issue of exhaustion, the Court is unpersuaded by Ramdeo's arguments in his Motion and Reply that this claim is cognizable in a § 2241 petition. Ramdeo did not lose gain time as a result of this process; therefore, it did not impact the fact or duration of his sentence. To the extent Ramdeo tries to create a nexus between the consequences he suffered here and his ability to have access to rehabilitative programs that could some day gain him an earlier release, such argument is too speculative to warrant relief. Ramdeo has no guarantee that merely entering any program would result in a shorter sentence. Additionally, the Court notes that "[w]hen an inmate challenges the 'circumstances of his confinement' but not the validity of his conviction and/or sentence, then the claim is properly raised in a civil rights action . . . ."

---

[5] Ramdeo did utilize the full appellate process outlined in § 542.15(a) during the appeal process of Administrative Remedy 910066, which the Court discussed in detail in the Order. However, that appeal was determined to be untimely and, therefore, not a proper exhaustion of administrative remedies. See Order at 7-8.

Hutcherson v. Riley, 468 F.3d 750, 754 (11th Cir. 2006). As a result of the disciplinary hearing, some of Ramdeo's privileges were temporarily revoked, which deals particularly with the circumstances of his confinement. In the Amended Petition, Ramdeo alleged Respondent intentionally violated his right to due process. Accordingly, as the resulting injury was a change in his circumstances during his confinement due to an alleged constitutional violation, this claim should be raised in a civil rights complaint pursuant to Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971). As such, the Court did not err in concluding the same in the Order. Upon reconsideration of the Order, the Court finds Ramdeo's arguments unavailing that the judgment should be altered or amended. Therefore, the Motion is due to be denied.

Accordingly, it is

**ORDERED** that Ramdeo's Motion for Reconsideration (Doc. 24) is **GRANTED** to the extent that in this Order the Court reconsiders the merits of the Amended Petition as clarified but otherwise the Motion is **DENIED**.

**DONE AND ORDERED** in Chambers, this 1st day of April, 2020.

*Marcia Morales Howard*
MARCIA MORALES HOWARD
United States District Judge

Jax-8

c:
Sonny Austin Ramdeo, #80568-053
Counsel of Record